### STATE v BROWN

Ohio Appeals, 2nd Dist, Miami Co

Nos 403 & 404. Decided Jan 7, 1941

Ellis W. Kerr, Prosecuting Attorney, Troy, for plaintiff-appellee.

W. Leo Bausman, Troy, for defendant-appellant.

**OPINION**

By HORNBECK, PJ.

The defendant was tried, convicted and sentenced upon three charges. (1) Operating an automobile on a highway resulting in a collision with a parked automobile and with knowledge of the collision, unlawfully failed to stop his automobile and to give necessary information. (2) Unlawfully operating an automobile on the highway while intoxicated. (3) Driving a motor vehicle on the highway of the state "while at the time his operator's license had been revoked by the Registrar of Motor Vehicles".

The first two charges are carried under the appeal as No. 403. The last charge is carried under No. 404. The appeals are on questions of law.

Three errors are assigned, which may be encompassed in two. The first, the verdict is not sustained by sufficient evidence and, therefore, the court erred in overruling defendant's motion for new trial. Second, the court erred in overruling defendant's motion for new trial on newly discovered evidence.

We have read the record and without setting out in detail testimony of the numerous witnesses, are satisfied to say that upon the charge of driving the automobile while intoxicated and driving the motor vehicle on the highway at a time that defendant's operator's license had been revoked there can be no doubt whatever, if credence be given to the testimony of any or all of the State's witnesses. The defendant is in agreement with all of the other witnesses that he was intoxicated and Mrs. Fraley, Homer Foster, Alpha Foster and Fred Kolter all testify that the defendant was driving the automobile at the time covered by the charges.

The proof upon the charge that the defendant, after a collision with an automobile of Chas. Welbaum, drove away and failed to stop, is not so clear but in our judgment the jury had a right to say that it was proven beyond a reasonable doubt. As we have before indicated the jury had a right to find that there was no doubt that the defendant was driving a 1929 Ford car on the night of February 1, 1940. Vernon Reed testifies that the Welbaum car, parked in front of the Sunshade place was struck at 1:10 A. M., February 2nd. Fred Kolter testifies that he saw the defendant driving a car, license

No. 452 UM, which is the car in question, at about 1 or 1:10 A. M. on the 2nd of February. The time when Mr. Kolter saw the defendant in the car and the time when the Welbaum car was struck are so close that it is indeed doubtful if the driver of the Ford car was changed in the interim between 1 or 1:10 and 1:12 A. M. Then, too, there was corroborating circumstantial evidence that the Welbaum car had green wheels and black body, the rear wheel was damaged, and the Ford car when found the morning following the collision had fresh green and black paint on its front spring.

The testimony of the defendant is not at all convincing and in instances is incoherent and there is but one of his witnesses whose testimony would tend to substantially rebut the case made by the State and that is Freda Johnson. But the testimony of the witnesses for the State overwhelms defendant's witnesses and, in any event, it was the right of the jury to pass upon their credibility.

About a month after the trial and conviction of defendant, he moved for a new trial upon the ground of newly discovered evidence and filed an affidavit of Earl Karnes and defendant in support thereof. The affidavit of Karnes was to effect that he saw Everett Fraley, the owner of the Ford, at the side of his car at the Cozy Kitchen about 12:30 to 1 A. M. on the morning of February 2, 1940. The effect of this testimony would have been to discredit the proof that the defendant was driving Fraley's car on the morning of February 2nd about 1:00 and to disprove the testimony of Fraley that he was at home in bed at that time. It is essential to a sustaining of a motion for new trial on the ground of newly discovered evidence that due diligence be exercised to secure the evidence at the trial of the cause. It is set out in the affidavit of Brown that he did not know in due season of the charge of driving away from the Welbaum car after a collision therewith. We cannot accept this sworn statement because Brown must have known some days before his trial the specific charge against him in the information alleging that he drove his car away from the scene of the accident without stopping. If he was not so informed, he had the right to be and could have demanded a bill of particulars. Due diligence would have enabled him, through his counsel, to have determined the time when it was claimed by the State the Welbaum car was struck and this would have been about the time when it is stated in the Karnes affidavit he saw Fraley in the front of the Cozy Kitchen.

It is also true that the testimony is cumulative but if due diligence appeared in attempting to secure it, it would have been very helpful to the defendant, inasmuch as he did not have any substantial proof of his defense. We cannot say that the court erred in overruling the motion for new trial on the ground of newly discovered evidence nor does any error appear in the trial of the charges to the prejudice of defendant.

The judgments must, therefore, be affirmed.

GEIGER & BARNES, JJ., concur.